UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| SHANTERIA NOIEL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:23-cv-00079 |
| | § | |
| ROSELAND MANAGEMENT | § | |
| LLC, d/b/a PRECISION SPINE | § | JURY TRIAL DEMAND |
| CARE | § | |
| | | |
| Defendant. | | |

## COMPLAINT

Plaintiff Shanteria Noiel ("Plaintiff" or "Ms. Noiel"), by and through her attorneys, brings this action for damages and other legal and equitable relief from Defendant, Roseland Management LLC ("Defendant" or "Roseland Management"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, *et seq.* ("Section 1981"), the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001, *et seq.* ("TLC"), and any other cause of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiff seeking damages from Defendant for acts of discrimination.

2. Defendant employed Plaintiff in Texarkana, Texas. During Plaintiff's employment with Defendant, Plaintiff was subjected to discrimination based on her race, Black.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which

**ORIGINAL COMPLAINT**

1

confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. § 2000e, *et seq.*, as amended, and (iii) 42 U.S.C. § 1981, *et seq.*, as amended.

4. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business, and resides in this district.

## PARTIES

6. Plaintiff is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a resident of Texarkana, Texas.

7. At all relevant times, Plaintiff was Defendant's employee and therefore covered by Title VII, § 1981 and the TLC.

8. Defendant employs over fifteen (15) employees.

9. During all relevant times, Defendant has been an employer covered by Title VII, § 1981 and the TLC.

10. Defendant transacted and continues to transact business in Texas by, among other things, employing persons located within Texas and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

11. Plaintiff has timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

12. Plaintiff received her Notice of Right to Sue letter from the EEOC within 90 days prior to the filing of this Complaint.

## STATEMENT OF FACTS

13. Ms. Noiel was employed by Roseland Management at its Precision Spine Care facility as a Medical Assistant from on or around August 7, 2017 to February 10, 2023.

14. Throughout her employment, Ms. Noiel was subjected to discrimination based on her race, Black, by Nurse Practitioners and doctors working at Precision Spine Care.

15. For example, a Nurse Practitioner named Melinda Smith ("Ms. Smith"), who is white, walked into the room where Ms. Noiel had a photo of her children, and asked, "They got the same daddy?" regarding the photo. Ms. Noiel responded that they do have the same father, saying, "because I'm Black doesn't mean that my kids have different fathers.". Ms. Smith responded back, "Are you and the father still together?"

16. Ms. Noiel reported these inquiries to her manager, Tonya Kessler ("Ms. Kessler"). Ms. Kessler reported to Bridget (LNU) in Human Resources. Ms. Noiel did not hear back from Ms. Kessler or Bridget regarding the complaint. Ms. Noiel also reported the harassment to the Office Manager, Samantha Rogers, who reported the incident with Ms. Smith to HR. HR did not respond to Ms. Rogers.

17. Ms. Noiel worked for two doctors, Dr. James Wages and Dr. Harold Fite, both white.

**ORIGINAL COMPLAINT**

18. Ms. Noiel was the only Black employee working at Precision Spine Care for three years. On one occasion in 2022, she asked Ms. Rogers why Precision Spine Care does not hire more Black employees. Ms. Rogers responded that the doctors "only hire one [Black employee] at a time," and that the doctors think "when you get two or more Black people together, things change."

19. When a white, elderly patient told Ms. Noiel he didn't "want [her] Black skin touching [his]," Ms. Noiel complained about the incident to Dr. Wages. He responded, "He's just old," and "Well, God doesn't like Black people," to Ms. Noiel and a white Medical Assistant, Rhonda Scott.

20. The racially hostile work environment to which Plaintiff was subjected was further substantiated when a Black Medical Assistant named Ashley Bradley, hired by Defendant about two years ago, left after a year because she experienced race-based harassment at work. Ms. Bradley shared with Ms. Noiel that she decided to leave after Ms. Rogers told her that the doctors had instructed her to not hire any more Black people.

21. Upon information and belief, Plaintiff observed that Black patients were treated differently from white patients. For example, Plaintiff witnessed that one of Plaintiff's Black patients was refused pain medication despite having no history of drug abuse, while a white patient who had drugs that are often abused in her system was given pain medication. Observing this disparate treatment, along with all the race-based comments that pervaded the workplace, altered Plaintiff's work environment and made it difficult for her to come to work and perform her job.

22. When Ms. Noiel had the Covid-19 virus twice, she did not get paid for her sick days. However, upon information and belief, when white employees were sick with Covid, they

were paid for their sick days. Ms. Noiel's coworker Sherri Williams, who is white, shared this information with her.

23. Due to the pervasive, racially hostile work environment, and difference in sick pay based on race, Plaintiff felt she had no choice but to resign her employment . She was constructively discharged on February 10, 2023.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Hostile Work Environment, Race)

24. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

25. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, as Defendant has engaged the practice of discrimination by subjecting Plaintiff to a racially hostile work environment.

26. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.
### (Terms and Conditions of Employment)

27. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

28. The conduct alleged herein violates Title VII as the Defendant has engaged in the practice of discrimination against the Plaintiff based on her race, Black, by subjecting her to disparate treatment in the terms and conditions of her employment, including but not limited to denying sick pay based on her race.

**ORIGINAL COMPLAINT**

29. Plaintiff's requests for relief are set forth below.

### AS FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.
### (Constructive Discharge)

30. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

31. The conduct alleged herein violates Title VII, as the Defendants, by discriminating against the Plaintiff based on her race, Black, subjected Plaintiff to working conditions so intolerable that she was compelled to resign.

32. Plaintiff's requests for relief are set forth below.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, *et seq.*
### (Hostile Work Environment, Race)

33. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

34. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, *et seq.*, as Defendant has engaged the practice of discrimination by subjecting Plaintiff to a racially hostile work environment.

35. Plaintiff' requests for relief are set forth below.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, *et seq.*
### (Terms and Conditions of Employment)

ORIGINAL COMPLAINT

36. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

37. The conduct alleged herein violates Section 1981 as the Defendant has engaged in the practice of discrimination against the Plaintiff based on her race, Black, by subjecting her to disparate treatment in the terms and conditions of her employment, including but not limited to denying sick pay based on her race.

38. Plaintiff's requests for relief are set forth below.

### AS FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
**Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981,** *et seq.*
**(Constructive Discharge)**

39. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

40. The conduct alleged herein violates 42 U.S.C. § 1981, *et seq.*, as the Defendants, by discriminating against the Plaintiff based on her race, Black, subjected Plaintiff to working conditions so intolerable that she was compelled to resign.

41. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001** *et seq.*
**(Hostile Work Environment, Race)**

42. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

43. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001, *et seq.*, as Defendant has engaged in the practice of discrimination by subjecting Plaintiff to a racially hostile work environment.

### AS AND FOR AN EIGHTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001** *et seq.*
**(Terms and Conditions of Employment)**

44. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

45. The conduct alleged herein violates the TLC as the Defendant has engaged in the practice of discrimination against the Plaintiff based on her race, Black, by subjecting her to disparate treatment in the terms and conditions of her employment, including but not limited to denying sick pay based on her race, Black.

46. Plaintiff's requests for relief are set forth below.

### AS FOR A NINTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001,** *et seq.*
**(Constructive Discharge)**

47. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

48. The conduct alleged herein violates the TLC, as the Defendants, by discriminating against the Plaintiff based on her race, Black, subjected Plaintiff to working conditions so intolerable that she was compelled to resign.

49. Plaintiff's requests for relief are set forth below.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all matters raised in this Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

 A. A judgment declaring that the practices complained of herein are unlawful and in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.*; Title

**ORIGINAL COMPLAINT**

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; and the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001, *et seq.*;

B. All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, liquidated damages, job benefits she would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and mental anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

H. Training on the subject of employment discrimination for all of Defendant's employees;

I. Implicit bias training for all managers conducted by reputable outside vendors;

J. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

**ORIGINAL COMPLAINT**

K. Active monitoring of the work areas to ensure compliance with discrimination policies; and

L. Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief.

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

        Respectfully submitted,

*Jay D. Ellwanger*
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
David W. Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
Ellwanger Henderson LLLP
11149 Research Blvd., Suite 100
Austin, Texas 78759
Telephone: (737) 808-2260
Facsimile:  (737) 808-2238

**COUNSEL FOR PLAINTIFF**