UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| SHANTERIA NOIEL § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:23-cv-00079 |
| § | |
| ROSELAND MANAGEMENT § | |
| LLC, d/b/a PRECISION SPINE § | JURY TRIAL DEMAND |
| CARE § | |
| § | |
| Defendant. | |

## FIRST AMENDED COMPLAINT

Plaintiff Shanteria Noiel ("Plaintiff" or "Ms. Noiel"), by and through her attorneys, brings this action for damages and other legal and equitable relief from Defendant, Roseland Management LLC d/b/a Precision Spine Care ("Defendant" or "Precision Spine Care"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, *et seq*. ("Section 1981"), the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001, *et seq.* ("TLC"), and any other cause of action that can be inferred from the facts set forth herein.

### INTRODUCTION

1. This is an action brought by Plaintiff seeking damages from Defendant for acts of discrimination.

2. Defendant employed Plaintiff in Texarkana, Texas. During Plaintiff's employment with Defendant, Plaintiff was subjected to discrimination based on her race, Black.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which

confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. § 2000e, *et seq.*, as amended, and (iii) 42 U.S.C. § 1981, *et seq.*, as amended.

4.  The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5.  Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business, and resides in this district.

## PARTIES

6.  Plaintiff is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a resident of Texarkana, Texas.

7.  At all relevant times, Plaintiff was Defendant's employee and therefore covered by Title VII, § 1981 and the TLC.

8.  Defendant employs over fifteen (15) employees.

9.  During all relevant times, Defendant has been an employer covered by Title VII, § 1981 and the TLC.

10. Defendant transacted and continues to transact business in Texas by, among other things, employing persons located within Texas and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

11. Plaintiff has timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

12. Plaintiff received her Notice of Right to Sue letter from the EEOC within 90 days prior to the filing of this Complaint.

## STATEMENT OF FACTS

13. Ms. Noiel was employed by Precision Spine Care as a Medical Assistant from on or around August 7, 2017, to February 10, 2023.

14. The work environment at Precision Spine Care was rife with discriminatory animus against Black employees. In particular, Dr. James Wages, a white physician who was Plaintiff's supervisor, routinely made racist and discriminatory comments in the workplace. He also refused to intervene when other white employees made prejudiced or derogatory comments to Black employees such as Plaintiff.

15. Ms. Noiel was the only Black employee working at Precision Spine Care for three years. After Defendant hired an additional Black medical assistant named Ashley Harris, Ms. Noiel and Ms. Harris overheard Dr. Wages telling Office Manager Samantha Rogers not to hire any more Black people, saying "when you get two or more Black people together, things change." Ms. Noiel was stunned and distraught by this remark, and Ms. Harris quit shortly thereafter due to the hostile work environment. Ms. Rogers said she would report the comment to HR. However, no action was taken against Dr. Wages.

16. On another occasion, Dr. Wages stated in front of Ms. Noiel and other employees that "God doesn't like Black people." Stunned, a nurse practitioner named Leslie Howl who

witnessed the remark told Dr. Wages "you can't say things like that." Ms. Noiel was horrified by this comment.

17. In another incident, Ms. Noiel had to assist a white patient out of his car. The white patient hissed that he did not want her "black skin" touching his body. Ms. Noiel was very upset by the patient's conduct, but Dr. Wages laughed it off and said the patient was "just old."

18. Ms. Noiel endured racist comments from other white employees in addition to Dr. Wages. For example, a Nurse Practitioner named Melinda Smith, who is white, walked into the room where Ms. Noiel had a photo of her children, and asked, "They got the same daddy?" regarding the photo. Ms. Noiel responded that they do have the same father, saying, "because I'm Black doesn't mean that my kids have different fathers." Ms. Smith responded back, "Are you and the father still together?"

19. Ms. Noiel reported these inquiries to her manager, Tonya Kessler. Ms. Kessler reported to Bridget (LNU) in Human Resources. Ms. Noiel did not hear back from Ms. Kessler or Bridget regarding the complaint. Ms. Noiel also reported the harassment to Office Manager Samantha Rogers, who reported the incident with Ms. Smith to HR. HR did not respond to Ms. Rogers.

20. Ms. Noiel also suffered discriminatory treatment based on race in the form of disparate pay and benefits. While employed by Defendant, Ms. Noiel discovered that she was being paid $3.00 less per hour than a white colleague named Savannah Roberts. Ms. Noiel only learned of the disparate pay because Ms. Roberts told her. Ms. Roberts had been employed by Defendant for less time than Ms. Noiel and had less relevant career experience than Ms. Noiel. Ms. Noiel reported this pay discrepancy to HR, who did not offer any explanation for why Ms. Noiel was being paid less than Ms. Roberts.

21. Furthermore, when Ms. Noiel had the Covid-19 virus twice, she did not get paid for her sick days. However, upon information and belief, white employees who were sick with Covid were paid for their sick days. Ms. Noiel learned this from her white coworker Sherri Williams.

22. The pervasive racism at Precision Spine Care went beyond the Black employees and extended to Black patients as well. Ms. Noiel overhead white employees say that Black patients all "smell like weed" or "look like they're on drugs." Defendant used this justification to refuse needed pain medication to Black patients, while providing it without issue to white patients. Observing this disparate treatment, along with all the race-based comments that pervaded the workplace, altered Plaintiff's work environment and made it difficult for her to come to work and perform her job. Ms. Noiel was constructively discharged on February 10, 2023.

23. After her constructive discharge, Defendant replaced Ms. Noiel with a white female named Dallas Brown.

## COUNT I: HOSTILE WORK ENVIRONMENT
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***

24. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

25. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, as Defendant has engaged in the practice of discrimination by subjecting Plaintiff to a racially hostile work environment based on her race, Black.

26. Plaintiff's requests for relief are set forth below.

## COUNT II: DISCRIMINATION
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**

27. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

28. The conduct alleged herein violates Title VII as the Defendant has engaged in the practice of discrimination against the Plaintiff based on her race, Black, by subjecting her to disparate treatment in the terms and conditions of her employment, including but not limited to paying her less than similarly situated white employees and denying her sick pay based on her race.

29. Plaintiff's requests for relief are set forth below.

## COUNT III: CONSTRUCTIVE DISCHARGE
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**

30. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

31. The conduct alleged herein violates Title VII, as the Defendant, by discriminating against the Plaintiff based on her race, Black, subjected Plaintiff to working conditions so intolerable that she was compelled to resign.

32. Plaintiff's requests for relief are set forth below.

## COUNT IV: HOSTILE WORK ENVIRONMENT
**Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, *et seq.***

33. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

34. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, *et seq.*, as Defendant has engaged in the practice of discrimination by

subjecting Plaintiff to a racially hostile work environment.

35. Plaintiff's requests for relief are set forth below.

## COUNT V: DISCRIMINATION
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, *et seq.*

36. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

37. The conduct alleged herein violates Section 1981 as the Defendant has engaged in the practice of discrimination against the Plaintiff based on her race, Black, by subjecting her to disparate treatment in the terms and conditions of her employment, including but not limited to paying her less than similarly situated white employees and denying sick pay based on her race.

38. Plaintiff's requests for relief are set forth below.

## COUNT VI: CONSTRUCTIVE DISCHARGE
### Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.*

39. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

40. The conduct alleged herein violates 42 U.S.C. § 1981, *et seq.*, as the Defendant, by discriminating against the Plaintiff based on her race, Black, subjected Plaintiff to working conditions so intolerable that she was compelled to resign.

41. Plaintiff's requests for relief are set forth below.

## COUNT VII: HOSTILE WORK ENVIRONMENT
### The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*

42. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

43. The conduct alleged herein violates the Texas Employment Discrimination Act, as

amended, Tex. Lab. Code §§ 21.001, *et seq.*, as Defendant has engaged in the practice of discrimination by subjecting Plaintiff to a racially hostile work environment.

## COUNT VIII: DISCRIMINATION
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001** *et seq.*

44. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

45. The conduct alleged herein violates the Texas Labor Code as the Defendant has engaged in the practice of discrimination against the Plaintiff based on her race, Black, by subjecting her to disparate treatment in the terms and conditions of her employment, including but not limited to paying her less than similarly situated white employees and denying sick pay based on her race, Black.

46. Plaintiff's requests for relief are set forth below.

## COUNT IX: CONSTRUCTIVE DISCHARGE
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001,** *et seq.*

47. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

48. The conduct alleged herein violates the TLC, as the Defendants, by discriminating against the Plaintiff based on her race, Black, subjected Plaintiff to working conditions so intolerable that she was compelled to resign.

49. Plaintiff's requests for relief are set forth below.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all matters raised in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; and the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001, *et seq.*;

B. All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, liquidated damages, job benefits she would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and mental anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

H. Training on the subject of employment discrimination for all of Defendant's employees;

I. Implicit bias training for all managers conducted by reputable outside vendors;

J. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

K. Active monitoring of the work areas to ensure compliance with discrimination policies; and

L. Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief.

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Respectfully submitted,

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
David W. Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
Ellwanger Henderson LLLP
11149 Research Blvd., Suite 100
Austin, Texas 78759
Telephone: (737) 808-2260
Facsimile:  (737) 808-2238

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on October 10, 2023, a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's ECF system.

                                                        _/s/ Jay D. Ellwanger_
                                                         Jay D. Ellwanger